# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| Corine French<br>2559 Imgrund Road<br>North Aurora, IL 60542<br><br>    Plaintiff,<br><br>v.<br><br>Frederick J. Hanna & Associates, P.C.<br>c/o Frederick J. Hanna, Registered Agent<br>1655 Enterprise Way<br>Marietta, GA 30067<br><br>    Defendant. | FILED: APRIL 15, 2008<br>CASE NO.:  08CV2123      LI<br>JUDGE:  JUDGE   DER YEGHIAYAN<br>MAGISTRATE JUDGE COX<br><br>**COMPLAINT FOR DAMAGES UNDER THE FAIR DEBT COLLECTION PRACTICES ACT AND OTHER EQUITABLE RELIEF**<br><br>**JURY DEMAND ENDORSED HEREIN** |

## JURISDICTION AND VENUE

1. Jurisdiction is founded on 28 U.S.C. §1331 pursuant to the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §1692.  Venue is proper in this district because this is the judicial district where all of the events giving rise to the cause of action took place.

## FACTS COMMON TO ALL COUNTS

2. The Plaintiff is a person who incurred a consumer debt primarily for personal, family or household purposes.

3. Defendant is a corporation doing business primarily as a consumer debt collector.

4. Defendant is a debt collector as defined by the FDCPA, 15 U.S.C. §1692a(6).

5. The Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3).

6. The debt in question qualifies as a "debt" as defined by 15 U.S.C. §1692a(5).

7. Defendant is either the holder of the debt or was retained by the current holder to collect the debt.

8. Plaintiff filed this complaint within the time frame permitted under the FDCPA.

9. On or around November 8, 2007, Defendant telephoned Plaintiff's friend and left a voice message.

10. During this communication, Defendant stated that Defendant was calling from a law firm and the call was in reference to a financial matter.

11. On or around November 8, 2007, after learning of the above communication, Plaintiff telephoned Defendant.

12. Throughout this communication, Defendant spoke to Plaintiff in an abusive and belligerent manner.

13. During this communication, Defendant threatened to sue Plaintiff if the debt was not paid in twenty-four hours and told Plaintiff that she had no other options.

14. During this communication, Defendant told Plaintiff that Plaintiff needed to hire a lawyer.

15. During this communication, Defendant threatened to keep the debt on Plaintiff's credit report forever.

16. During this communication, Defendant threatened that Plaintiff would never be able to get a job if the debt was not paid.

17. As a result of these threats, Plaintiff was extremely upset and concerned and informed her father ("Father") about the conversation.

18. On or around November 8, 2007, Father telephoned Defendant and attempted to resolve the debt.

19. During this communication, Defendant reiterated several of the threats referenced above to Father.

20. Defendant has damaged Plaintiff emotionally and mentally and has caused substantial anxiety and stress.

21. Defendant violated the FDCPA.

## COUNT ONE

### Violation of the Fair Debt Collection Practices Act

22. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

23. The Defendant violated 15 U.S.C. §1692c in that it contacted a third party and disclosed the existence, nature and/or amount of the debt.

## COUNT TWO

### Violation of the Fair Debt Collection Practices Act

24. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

25. The Defendant violated 15 U.S.C. §1692c in that it contacted a third party and failed to comply with 15 U.S.C. §1692b.

## COUNT THREE

### Violation of the Fair Debt Collection Practices Act

26. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

27. The Defendant violated 15 U.S.C. §1692f in that its actions were unfair and/or unconscionable means to collect a debt.

## COUNT FOUR

### Violation of the Fair Debt Collection Practices Act

28. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

29. The Defendant violated 15 U.S.C. §1692e in that it threatened legal action where such action was not contemplated, and stated for the sole purpose of terrifying the Plaintiff.

## COUNT FIVE

### Violation of the Fair Debt Collection Practices Act

30. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

31. The Defendant violated 15 U.S.C. §1692e by making misrepresentations during its conversations with Plaintiff.

## JURY DEMAND

32. Plaintiff demands a trial by jury.

## PRAYER FOR RELIEF

33. Plaintiff prays for the following relief:

   a. Judgment against Defendant for actual damages, statutory damages pursuant to 15 U.S.C. §1692k and costs, and reasonable attorney's fees pursuant to 15 U.S.C. §1692k.

   b. For such other legal and/or equitable relief as the Court deems appropriate.

RESPECTFULLY SUBMITTED,

Legal Helpers, P.C.

By: s/Timothy J. Sostrin
Timothy J. Sostrin
Bar ID # 6290807
Attorney for Plaintiff
233 S. Wacker
Sears Tower, Suite 5150
Chicago, IL 60606
Telephone: 866-339-1156
Email: tjs@legalhelpers.com